FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

98 MAY 19 AM 9:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARSHA BRADFORD,           ]<br>                            ]<br>   Plaintiff(s),           ]<br>                            ]<br>   vs.                      ]   CV 97-N-2728-NE<br>                            ]<br>HANCEVILLE WATER & SEWER    ]<br>BOARD, INC.,                ]<br>                            ]<br>   Defendant(s).            ] | ENTERED<br>MAY 19 1998 |

DONALD JOE REYNOLDS,        ]
                            ]
   Plaintiff(s),            ]
                            ]
   vs.                      ]   CV 97-N-3327-NE
                            ]
HANCEVILLE WATER & SEWER    ]
BOARD, INC.,                ]
                            ]
   Defendant(s).            ]

## MEMORANDUM OF OPINION

**I.   Introduction.**

In these consolidated actions, the plaintiffs, Marsha Bradford ("Bradford") and Donald Joe Reynolds ("Reynolds"), bring claims against the defendant, Hanceville Water and Sewer Board (the "Board"), pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*. Specifically, plaintiff Bradford alleges that the Board refused to reasonably accommodate her alleged disability and retaliated against her for exercising her rights under the ADA. Plaintiff Reynolds alleges that the Board retaliated against him for assisting Ms. Bradford in connection with her ADA claim against the Board and in speaking

out in favor of her claim. The action is presently before the Court on the Board's motion for summary judgment, which was filed on April 10, 1998. The motion, having been briefed by the defendant and the plaintiff having failed to oppose by brief, is ripe for decision. Upon due consideration, the motion will be granted and all claims dismissed.[1]

## II.  Statement of Facts.[2]

The Water Works and Sewer Board of the City of Hanceville, Alabama, (the "Board") was incorporated as a public corporation under *Code of Alabama*, Title 37 §§ 394-402 (1940), currently codified as §§ 11-50-230, *et seq.*, Ala. Code (1975). The Board is a separate and distinct public corporation from the City of Hanceville and is empowered to sue and be sued in its own name and to defend civil actions against it. *See Ala. Code* § 11-50-314(a)(2).

Marsha Bradford was first employed by the Board on or about February 27, 1995, and worked both as an office assistant in the Board's office, where the administrative operations of the Board are carried out, and a meter reader in the field. On March 11, 1997, Ms. Bradford gave notice to the board of directors of the Board that she was resigning from her employment with the Board, effective March 25, 1997.

---

[1] Under the terms of Exhibit D, which was attached to and made a part of the Court's Initial Order entered on November 17, 1997, the plaintiff's response to the summary judgment motion was due on May 1, 1998.

[2] As noted above, the plaintiff failed to respond to the defendant's motion. Exhibit D states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." *Exhibit D* at 4 (emphasis omitted). The plaintiff has not controverted any of the defendant's proposed facts. Accordingly, the defendant's statement of undisputed facts will be deemed admitted for purposes of the motion for summary judgment.

2

Mr. Reynolds was first employed by the Board in the position of field foreman on or about September 26, 1980. On November 21, 1996, the Board made Mr. Reynolds the sewer plant manager for the board. On or about January 14, 1997, Mr. Reynolds allegedly suffered a work-related injury to his back and immediately was placed on workers' compensation leave as a result of the alleged injury.

Since the time of Ms. Bradford's employment with the Board to the present, the Board has neither employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks nor has it had on its payroll on *any* working day fifteen or more employees. *See Affidavit of Sally Alexander* ¶8. During this same period, payroll for Board employees has been made every week and in none of the payrolls for the Board have there been fifteen or more employees. *See id.* Moreover, as indicated by each of the Board's *Employer's Quarterly Federal Tax Return, Form 941* for the years 1995 through 1997, in any given quarter during that time the Board has always employed less than fifteen persons.

### III.    Discussion.

#### A.    Is the Board a "Covered Entity" Subject to the ADA?

In order to state a claim under the ADA, a plaintiff must allege (1) that she suffers from a disability, (2) that she is a qualified individual, and (3) that a "covered entity" discriminated against her on account of her disability. *See Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 (11th Cir. 1997). The term "covered entity" includes an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2) (1998).

3

The Board contends that it does not fall within the ADA's definition of an employer. *See Motion for Summary Judgment of Hanceville Water and Sewer Board, Inc.*, ¶¶ 3-4. The ADA provides that "[t]he term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person. . . ." 42 U.S.C. § 12111(5)(A) (1998).

As established by the evidence contained in the affidavit of Sally Alexander, the office manager for the Board, the Board has not employed "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Payroll for the Board during the relevant time period was made every week. For the entire time from the commencement of the employment of plaintiff Bradford with the Board through the present date, the Board has never had as many as fifteen employees on any payroll during any payroll period.[3] *Cf. Walters v. Metropolitan Educ. Enterprises, Inc.*, 519 U.S. 202, 117 S. Ct. 660, 136 L. Ed. 2d 644 (1997) (holding that the status of an entity as an "employer" for Title VII purposes is to be determined by the number of employees reflected on an employer's payroll).

Against these undisputed facts, it is clear that the Board does not constitute an "employer" as that term is defined under the ADA and, therefore, cannot be a "covered

---

[3] This period also encompasses the time period relevant to plaintiff Reynolds' claims of retaliation, which he alleges occurred in 1997.

entity" subject to the proscriptions of the ADA. Accordingly, the defendant's motion for summary judgment will be granted and all claims in this action will be dismissed.[4]

## IV. Conclusion.

Accordingly, the defendant's motion for summary judgment will be granted in all respects. The Court will enter an appropriate order in conformity with this opinion.

Done, this 18th of May, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[4] Originally anticipating a response by the plaintiffs to its motion for summary judgment, the defendant also argued that the employees of the City of Hanceville should not be aggregated to determine the number of employees of the Board for ADA purposes. *See Movant's Initial Submission in Response to Exhibit D of the Court's Order*, at 5. Although the Court holds that the defendant is not a "covered entity" under the ADA, the Court, upon reviewing the evidence and the applicable law, also concludes that an "aggregation" argument, as hypothetically posited by the defendant in its brief, would be unavailing to the plaintiffs in this case.

The Court also finds, alternatively, the plaintiffs' failure to respond in any way to the defendant's motion for summary judgment constitutes an abandonment of their claims. As the Eleventh Circuit has observed:

> There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).